UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT THOMAS BARRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-439-CCB-MGG |
| BRIAN ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Scott Thomas Barry, a prisoner without a lawyer, filed a complaint alleging he is seriously mentally ill. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Barry alleges he was approved for the SNAP program at the Indiana Department of Correction on August 18, 2023, because he is seriously mentally ill. SNAP is the "Special Needs Acclimation Program [which] manage[s] incarcerated individuals with special needs in a supportive environment . . .." ECF 1-1 at 1. Barry alleges he has PTSD, schizophrenia, auditory hallucinations, multiple personality disorder, and manic psychotic issues, but that he is not in the SNAP program because he is housed at the

Miami Correctional Facility which does not have a SNAP program. It appears he is not currently receiving any mental health treatment.

The constitution does not require the SNAP program, but under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This complaint plausibly alleges Barry's mental health is a serious medical need. Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This complaint does not allege facts from which it can be plausibly inferred that any of the seven named defendants were deliberately indifferent because it does not explain how any of them had actual knowledge that he was at serious risk of being harmed and did not do anything to prevent that harm from occurring.

Barry cannot proceed on a monetary damages claim against these defendants, but he may proceed on a claim for permanent injunctive relief against Warden Brian

English, in his official capacity, because Warden English has both the authority and the responsibility to ensure that Barry receives constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Barry also alleges that he swallowed two razor blades. It is clear he received medical attention, but it is unclear when or by whom. Barry is dissatisfied with the medical care he got, but because none of the seven named defendants are medical providers, the complaint does not state a claim against them related to the razor blades.

The complaint does not specifically ask for a preliminary injunction, but given the severity of the mental health issues alleged and the history of self-harm caused by swallowing razor blades, the court will construe the complaint as including a request for preliminary injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The injunctive relief Barry seeks is to be placed in a SNAP program at the Miami Correctional Facility, to be given a mentor, to receive a T.V., and to be given a job in the kitchen or recreation areas of the prison. Because he alleges there is no SNAP program at the Miami Correctional Facility, it is unlikely that could be the least intrusive means of addressing his serious mental illness. Because none of his other specific requests are

4

narrowly tailored to address his need for mental healthcare, the PLRA would not permit the court to enjoin the warden to provide them. Nevertheless, Warden English must respond to the request for preliminary injunctive relief and explain how Barry is being provided constitutionally adequate mental health treatment for his serious mental illness.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 1) as a preliminary injunction motion;

(2) GRANTS Scott Thomas Barry leave to proceed against Warden Brian English in his official capacity to obtain permanent injunctive relief to obtain constitutionally adequate mental health treatment for his serious mental illness as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES State of Indiana, Christina Reagle, English, Rodgers, Indiana Ombudsman Office Director, Murray, and Eric J. Holcomb;

(5) DIRECTS, under 28 U.S.C. § 1915(d), the clerk to request Waiver of Service from Warden Brian English at the Indiana Department of Correction **and** by email to the Miami Correctional Facility with a copy of this order and the complaint/motion for preliminary injunction (ECF 1);

(6) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those documents by Warden Brian English;

(7) ORDERS the Warden Brian English to file and serve a response to the preliminary injunction, as soon as possible but not later than June 28, 2024, (with supporting documentation and declarations from other staff as necessary) describing/explaining how Scott Thomas Barry is receiving constitutionally adequate mental health treatment for his serious mental illness; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Brian English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 10, 2024

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT