UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT THOMAS BARRY,

      Plaintiff,

      v.                                                                        Case No. 3:24-CV-439-CCB-MGG

BRIAN ENGLISH,

      Defendant.

## OPINION AND ORDER

Scott Thomas Barry, a prisoner without a lawyer, filed a complaint alleging he is seriously mentally ill. ECF 1. The complaint sought injunctive relief and was separately docketed as a motion for preliminary injunction. ECF 5. Barry was granted "leave to proceed against Warden Brian English in his official capacity to obtain permanent injunctive relief to obtain constitutionally adequate mental health treatment for his serious mental illness as required by the Eighth Amendment." ECF 4-1 at 5. All other claims were dismissed. *Id.* The Warden was ordered to respond to the motion for preliminary injunction. *Id.* The Warden filed a response. ECF 18. Barry did not file a reply and the time for doing so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B).

Barry declared under penalty of perjury that the statements he made in the motion for a preliminary injunction were true. ECF 5 at 6. He states he is seriously mentally ill and has PTSD, schizophrenia, auditory hallucinations, multiple personality disorder, and manic psychotic issues. ECF 5 at 3. He provides two documents indicating he was referred to the SNAP program. ECF 5 at 16-17. SNAP is the "Special Needs Acclimation Program [which] manage[s] incarcerated individuals with special needs in a supportive environment . . .." ECF 5 at 7.

The Warden declares Barry is currently housed in General Population. ECF 18-1 at ¶ 4. Miami Correctional Facility does not have a SNAP unit, but does provide "offenders treatment for

any special mental health needs they may have." *Id.* at ¶ 10. The Warden acknowledges that Barry

has serious mental health issues. *Id.* at ¶ 13. Because of that, Barry is under the care of medical

professionals and is receiving individual psychotherapy sessions. *Id.* at ¶ 22. He is receiving Cymbalta

for depression to "elevate and stabilize mood." ECF 18-6 at 3. He is receiving Risperdal Consta "to

reduce psychotic symptoms." *Id.* He has an Individualized Action Plan. *Id.* at 16-17. During a recent

psychotherapy visit, he did not have significant anxiety, cognitive issues, substance

abuse/dependence, depression, impulse control, psychotic symptoms, suicidality, or mania/manic

behavior. *Id.* at 13. Barry was "calm and stable." *Id.* at 14. He denied having any mental health

concerns other than a desire to be transferred to a mental health facility. *Id.*

As previously explained, the constitution does not require access to the SNAP program, but

under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429

U.S. 97, 104 (1976). ECF 4-1 at 2. "[A] preliminary injunction is an extraordinary and drastic

remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois

Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success

is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the

applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

Here, the record before the court does not show that Barry likely to succeed on the merits because it

2

does not demonstrate that he is being denied constitutionally adequate treatment for his mental health issues.

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Here, the record before the court does not show that Barry will likely suffer irreparable harm if he continues his current treatment at the Miami Correctional Facility.

As to the third and fourth prongs, the balance of equities do not tip in Barry's favor and an injunction is not in the public interest. The injunctive relief Barry seeks is to be placed in a SNAP program at the Miami Correctional Facility, to be given a mentor, to receive a T.V., and to be given a job in the kitchen or recreation areas of the prison. ECF 5 at 6. The record before the court does not demonstrate that any of those requests are necessary to provide him with constitutionally adequate treatment for his mental health issues. Therefore, the preliminary injunction motion will be denied.

In addition, it appears summary judgment is warranted on Barry's claim for permanent injunctive relief. Under Federal Rule of Civil Procedure 56(f)(3), the court may grant summary judgment on its own after giving notice and a reasonable time to respond. Based on the undisputed material facts discussed in this order, Barry will be given time to explain why the court should not enter summary judgment and dismiss this case.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 5);

(2) DIRECTS the clerk to send Scott Thomas Barry a copy of Appendix C of the Local Rules which explains how he needs to respond to a summary judgment motion;

(3) GRANT Scott Thomas Barry until **September 10, 2024**, to file a summary judgment response; and

(4) CAUTIONS Scott Thomas Barry the court will enter summary judgment and dismiss this case for the reasons explained in this order if he does not respond by the deadline.

SO ORDERED.

August 2, 2024

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT